IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:22-cv-00674-SKC

**ANNE FRANKOVICH**,

    Plaintiff,

v.

**WALMART, Incorporated, a corporation; and ABC Corporation, an unknown corporation**,

    Defendants.

## DEFENDANT'S THIRD MOTION FOR EXTENSION OF TIME TO DESIGNATE NON-PARTIES AT FAULT

Defendant, Walmart, by and through its attorneys, Sutton | Booker | P.C., hereby submits the following Third Motion for Extension of Time to Designate Non-Parties at Fault:

### Certificate of Conferral Pursuant to D.C.COLO.LCivR 7.1

Counsel for Walmart certifies she has conferred in good faith with Plaintiff's counsel and Plaintiff's counsel is opposed to the relief requested.

### Background and Procedural Posture

This is a premises liability case in which Plaintiff alleges she was injured after her electric wheelchair ran over a tree-well on the walkway in front of the subject Walmart store on December 22, 2019. *See generally* Complaint, Doc. No. 5. It appears Plaintiff will allege the incident caused her over $200,000 in past medical expenses, $195,000 in past lost earnings, $4,760,000 in future lost earnings, and $8,000,000 in future medical expenses, among other alleged injuries, damages and losses.

Plaintiff filed her Complaint against Defendant, Walmart Inc., on December 21, 2021, just before the statute of limitations ran. Plaintiff brings a claim under the premises liability act as well as various negligence-based claims against Defendant and "ABC Corporation, an unknown contractor." Plaintiff specifically alleges: (1) "Upon information and belief, Defendant ABC Corp may have also been responsible for the condition of the Subject Property," Doc. No. 5 at ¶ 5, and (2) The dangerous condition that injured Plaintiff Anne was preventable if Defendant Walmart, Inc. and ABC Corp had properly maintained or had otherwise taken proper steps to make safe and prevent injuries upon the Subject Property." Doc. No. 5 at ¶ 10.

Sixty days after commencing this action, Plaintiff served Defendant Walmart, Inc. on February 18, 2022. Doc. No. 6. Unfortunately, C.R.S. § 13-21-111.5(3)(b) provides that a defendant can designate a nonparty at fault within 90 days of <u>commencement</u> of an action. Thus, presumptively, Defendant's designation of any nonparty at fault would have been required to be filed *before* Walmart was ever required to respond to Plaintiff's Complaint.

Accordingly, Defendant filed its first motion for extension of time to designate non-parties at fault on March 21, 2022, requesting a 14-day extension until April 4, 2022. Doc. No. 10. The first motion was granted on March 24, 2022. Doc. No. 11.

On March 24, 2022, Walmart filed its Answer to the Complaint. Doc. No. 12.

Defendant filed its second motion for extension of time to designate non-parties at fault on April 4, 2022, requesting an additional 14-day extension until today, April 18, 2022. Doc. No. 14. That motion was granted the same day. Doc. No. 15.

A Scheduling Order has not been entered in this matter. A Scheduling Conference is set for May 18, 2022 and there are no other pending hearings or deadlines.

Since being provided service of the suit, Defendant has been diligently working to identify any potential nonparty at fault. Simultaneously with the filing of this Motion, Walmart filed its Initial Designation of Non-Parties at Fault. However, Defendant believes there may be an additional entity, or entities, who may properly be designated as a non-party at fault. Accordingly, Defendant is still in the process of investigating additional potential non-parties at fault and needs additional time to complete its investigation.

Thus, for good cause shown, Defendant respectfully requests an additional, brief 14-day extension of time to designate any additional nonparty at fault, up to and including May 2, 2022.

### Legal Standard

When an act must be done within a specified time, the court may, for good cause shown, extend the time with a motion if a request is made before an extension of time expires. F.R.C.P. 6(b)(1)(A).

A trial court's decision to extend the ninety-day filing period is reviewed under an abuse of discretion standard. *Dunn v. Miceli*, 14-CV-03068-MSK-NYW, 2015 WL 1868134, at *4 (D. Colo. Apr. 22, 2015) (citing *Redden v. SCI Colorado Funeral Servs., Inc.*, 38 P.3d 75 84 (Colo. 2001), *as modified on denial of reh'g* (Jan. 14, 2002) ("Trial courts have the responsibility of managing their dockets, moving cases toward completion, and assuring that parties comply with deadlines.")

**Good Cause Exists for Granting Defendant an Extension of Time to Designate Nonparties at Fault.**

C.R.S. § 13-21-111.5(3)(b) permits a defendant to provide "notice that a nonparty was wholly or partially at fault <u>within ninety days</u> following commencement of the action…" The amount of time to designate a nonparty at fault can be extended if the court determines that a longer period is necessary. *Id.* "[U]nidentified or unknown persons may be designated as nonparties pursuant to Colorado's pro rata apportionment statute." *Pedge v. RM Holdings, Inc*., 75 P.3d 1126, 1128 (Colo. App. 2002) (finding error where the trial court struck defendant's designation and remanding for a new trial). "[E]xtending the deadline beyond the statutory ninety-day period is reasonable and consistent with equitable considerations." *Traenkner v. Capalbo*, 15-CV-00743-WYD-KMT, 2016 WL 503079, at *2 (D. Colo. Feb. 9, 2016) (granting leave to designate nonparties at fault when the defendant sought leave three weeks *after* the expiration of time to designate and "well before the discovery cutoff").

Here, Plaintiff commenced her action in state court on December 21, 2021, but failed to serve Walmart until 60 days later. Thus, Plaintiff effectively eliminated 60 days for which Walmart could identify any nonparty at fault under the statutory deadline, despite the fact that Plaintiff clearly contemplated another entity would be responsible for the area and/or conditions at the time of the alleged incident. Now, after allowing Walmart to only recoup 28 days of the 90 days afforded by statute, Plaintiff opposes any extension of time for Defendant to designate any nonparty at fault.

Since receiving notice of the suit, Defendant has worked diligently to identify any potential nonparties at fault who may have been contracted and/or performed work at the subject premises, either through a contract with Defendant or some other entity. Simultaneously filed with this

4

Motion is Defendant's initial designations which encompasses Defendant's ongoing work to identify any potential nonparty at fault.  However, Defendant requires additional time to designate additional nonparties at fault. Thus, for good cause shown, this Court would be well within its discretion to afford Defendant a short extension of time of an additional 14 days, up to and including May 2, 2022 to designate any additional nonparty at fault.

Finally, Plaintiff cannot allege any prejudice caused to her by a brief 14-day extension of time.  This matter has been at issue for less than one month.  As of the filing of this motion, the parties have not held their Rule 26(f) Conference.[1]  Because the parties have not held their Rule 26(f) Conference, they have not exchanged initial disclosures.  Finally, this matter is not set for a Scheduling Conference until May 18, 2022.  Thus, a brief extension of time cannot prejudice Plaintiff, especially when Plaintiff's Complaint specifically contemplates allegations against another entity, and when no other deadline would be impacted by this brief extension of time.

Accordingly, Defendant respectfully requests an additional extension of two weeks, up to and including May 2, 2022, to designate any additional potential non-parties at fault.

NOW THEREFORE, Defendant requests the Court grant an extension of time, up to and including May 2, 2022, in which to designate non-parties at fault.

Respectfully submitted this 18th day of April 2022.

                                              */s/   Ashley R. Larsons*
                                              Ashley R. Larson
                                              Cara M. Knight
                                              Sutton | Booker P.C.
                                              4949 S. Syracuse, Suite 500
                                              Denver, Colorado 80237
                                              Telephone:  303-730-6204

---

[1] Today, Plaintiff agreed to schedule a Rule 26(f) Conference to occur on April 20, 2022.

        Facsimile:   303-730-6208
        E-Mail:   alarson@suttonbooker.com
        cknight@suttonbooker.com
        ***Attorneys for Defendant, Walmart***

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 18th day of April 2022, I electronically filed a true and correct copy of the above and foregoing Defendant's Third Motion For Extension Of Time To Designate Non-parties At Fault with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

    Chris Parrish
    Reid Jennings
    Parrish & Jennings, LLC
    300 Plaza Drive, Suite 195
    Littleton CO  80129

I also certify that I served a true and correct copy of the above and foregoing by U.S. Mail to the following:

    Wal-Mart Stores, Inc.
    702 SW 8th Street
    Bentonville, AR   72716

        */s/   Krystle L. Young*
        *A duly signed original is on file at*
        *Sutton | Booker | P.C.*